UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DALE R. EALY,

                      Petitioner,

    -vs-

SUPERINTENDENT OF GROVELAND
CORRECTIONAL FACILITY,

                      Respondent.
_____

**REPORT AND RECOMMENDATION**
No. 06-CV-0218(RJA)(VEB)

**I.    Introduction**

*Pro se* petitioner Dale R. Ealy has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which has been referred to the undersigned by Chief United States District Judge Richard J. Arcara pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 12).

On October 24, 2008, in response to an inquiry by Ealy, this Court sent a letter to Ealy enclosing a current copy of the docket sheet. On October 31, 2008, the Court's letter was returned as undeliverable to the United States District Court in Buffalo. The Court has received no correspondence from Ealy from that time. On November 6, 2009, this Court issued an Order sent to the last address that Ealy had provided to the Court an Order directing him to verify with the Clerk of the District Court an address where papers may be served upon him. The Order directed a response from Ealy by December 1, 2009, and stated that Ealy's failure to provide an updated address within the required time shall result in this Court issuing a Report and Recommendation to recommending that the case be <u>dismissed with prejudice</u>. On November 17, 2009, this Order was returned as undeliverable to the District Court.

-1-

**II.     Dismissal for Failure to Prosecute and Comply with Court Orders**

Federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute; this power, which is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" has a long history at common law and "has been expressly recognized in Federal Rule of Civil Procedure 41(b)[.]" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Rule 41(b) provides, in pertinent part as follows:

> Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits.

Fed. R. Civ. Proc. 41(b); *accord Link*, 372 U.S. at 620. The Supreme Court explained in *Link* that [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 372 at 630-31.

As a matter of this District's Local Rules, both attorneys and *pro se* litigants have an obligation to immediately notify the Court and opposing parties of any change in their address or contact information. Local Rule of Civil Procedure 5.2(d) requires that a party proceeding *pro se* "must furnish the Court with a current address at which papers may be served on the litigant . . . . In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. *Failure to do so may result in*

*dismissal of the case with prejudice.*" Local Rule of Civil Procedure 5.2(d) (emphasis supplied).

Given the return of the Court's 2008 letter and 2009 Order as undeliverable, Ealy has failed keep the Court informed as to his current address at which papers may be served and has failed to comply with Local Rule 5.2(d) and the order directing him to provide an updated address. Because Ealy is a *pro se* petitioner, he should be afforded greater leeway in regard to his compliance with the Court's procedural rules. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Ealy's failure to update his address, however, "is no small matter." *Jackson v. Rabideau*, No. 9:04-CV-1096(LEK/GHL), 2007 WL 911846, at *2 (N.D.N.Y. Mar. 22, 2007) (citing *Dansby v. Albany County Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) ("It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications that communications between the clerk and the parties . . . will be conducted principally by mail.") (citations and quotation omitted in original)); *see also Michaud v. Williams*, No. 98CV1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999).

The Second Circuit has "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order, and these factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complain only when the circumstances are sufficiently extreme . . . ." *LeSane*, 239 F.3d at 209. Specifically, the Second Circuit has instructed a district court contemplating dismissing a plaintiff's case under Rule 41(b), for failure to prosecute to consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further

delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *Id.* (internal quotations omitted).

This Court has evaluated the factors as set forth by the Second Circuit in *LeSane* and finds that dismissal is warranted. Ealy has known for years that, pursuant to Local Rule 5.2(d), he *must* promptly update his address whenever it changed, or risk having the action dismissed by this Court. As a *pro se* litigant, Ealy received a packet of information from the District Court Clerk advising him about the requirements of all of the Local Rules, including Local Rule 5.2(d).

A search of the Inmate Information Database maintained by the New York State Department of Correctional Services reveals that Ealy was discharged to conditional parole release on March 7, 2008, months before he sent the inquiry to which this Court responded in October 2008. *See* N.Y.S. DOCS Inmate Population Information Search website, located at http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 ((last visited Dec. 3, 2009). Thus, Ealy evidently had a change of address in March 2008; more than a year and a half has elapsed and Ealy has not provided the Court with an updated address. He thereby has failed to comply with this Court's Order and Local Rule 5.2(d) and has frustrated this Court's ability to correspond with him. Under the circumstances here, the Court finds it would be futile to make any further attempts to contact Ealy. *See Jackson*, 2007 WL 911846, at*2 (dismissing habeas petition *sua sponte* based on petitioner's failure to update address according to district's local rule of civil procedure and previous court order) (citing *Bottom v. Cooper*, No. 03-CV-6493L,

2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005)).

**III.     Conclusion**

Given the law and the facts of this case as discussed above, the Court believes that dismissal is an appropriate sanction for petitioner Dale R. Ealy's failure to update his address as required by Local Rule 5.2(d) and a previous court order. Accordingly, it is recommended that Ealy's petition (Docket No. 1) be **DISMISSED** with prejudice. The Court further recommends that a certificate of appealability should not issue in this case. *See* 28 U.S.C. § 2253(c).

/s/ **Victor E. Bianchini**

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:     December 3, 2009
           Buffalo, New York.

# ORDER

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to

petitioner and respondent.

**IT IS SO ORDERED.**

                                            **/s/ Victor E. Bianchini**
                                      _____
                                              VICTOR E. BIANCHINI
                                          United States Magistrate Judge

Dated:  December 3, 2009
         Buffalo, New York